UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                                  Case No. 18-cr-15 (JNE/DTS)
                                                  ORDER

Tony Lendell Reed (1),
Tyrell Dandre Campbell (3),
Derf Reglan Raine Reed (4),

      Defendants.

Defendants Tony Lendell Reed ("T. Reed"), Tyrell Dandre Campbell ("Campbell"), and Derf Reglan Rahine Reed ("D. Reed") brought numerous non-dispositive and dispositive motions including: Campbell's motion to dismiss indictment, ECF No. 50; Campbell's and D. Reed's motions to sever, ECF Nos. 52 and 97; and T. Reed's and D. Reed's motions to suppress evidence obtained by search and seizure, ECF Nos. 95, 100, 102.  Campbell also moved to suppress statements, ECF No. 60, and to suppress the fruits of a search warrant, ECF No. 62, but later withdrew these motions. Additionally, T. Reed withdrew his motion to suppress electronic surveillance evidence, ECF No. 76.  After a hearing on these motions, Defendant T. Reed and the Government filed supplemental briefing regarding the motions to suppress cell site location information ("CSLI").  ECF Nos. 108, 110, 112.

On September 14, 2018, the Honorable David T. Schultz, United States Magistrate Judge, issued a Report and Recommendation ("R&R") denying all non-dispositive motions to sever and advising the Court to deny all dispositive motions to dismiss.  ECF

1

No. 119. Defendants T. Reed and D. Reed object to the R&R's denial of their motions to suppress CSLI. ECF Nos. 120, 123. Defendant D. Reed also objects to the R&R's denial of his motion for severance and his motion to suppress the search of his cell phone. ECF No. 123. The Government responded. ECF No. 124.

The Court briefly restates the standards governing the exclusionary rule outlined by Judge Schultz in the R&R. The exclusionary rule precludes the use of unconstitutionally obtained evidence at trial. *Davis v. United States*, 564 U.S. 229, 236 (2011). But exclusion is not appropriate when officers act "with objective good faith" that their actions were lawful. *United States v. Leon*, 468 U.S. 897, 919-20 (1984). Thus, the good faith exception to the exclusionary rule applies when officers reasonably rely upon subsequently invalidated statutes, *Illinois v. Krull*, 480 U.S. 340, 349-50 (1987), or on then-binding judicial precedent, *Davis*, 564 U.S. at 241.

The R&R denied Defendants T. Reed's and D. Reed's motions to suppress CSLI "because the FBI reasonably relied upon the law as it existed at the time the cell tower location data was obtained." ECF No. 119 at 9. Defendants submit two objections to the R&R's application of the exclusionary rule. Both objections are unavailing.

First, Defendants T. Reed and D. Reed object to the R&R's application of *Illinois v. Krull*. ECF No. 120 at 2-3; ECF No. 123 at 4-5. Defendants attempt to distinguish this case because in *Krull*, the "defect in the statute was not sufficiently obvious so as to render a police officer's reliance upon the statute objectively unreasonable," 480 U.S. at 359. Defendants argue that the Stored Communications Act ("SCA") was obviously unconstitutional. The SCA did not check the "discretion of Government officers," which

is "a hallmark of an apparently valid statute." ECF No. 120 at 3. The SCA also offered a choice between a warrant and a court order, which is a "red flag that puts every *reasonable* officer on notice that choosing to compel the production of records without a warrant is a constitutionally suspect course of action." *Id.* at 3; *see also* ECF No. 123 at 5.

The Court disagrees. The SCA was not obviously unconstitutional. The SCA permitted the Government to compel the disclosure of CSLI held by third parties without a warrant. 18 U.S.C. § 2703(d). The Supreme Court has long established that "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties," *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979), even when "the information is revealed on the assumption that it will be used only for a limited purpose," *United States v. Miller*, 425 U.S. 435, 443 (1976). However, the Supreme Court recently held that the Government must obtain a warrant before collecting CSLI and "decline[d] to extend *Smith* and *Miller* to cover these novel circumstances." *Carpenter v. United States*, 138 S. Ct. 2206, 2221 (2018). Accordingly, this is not a case where "in passing the statute, the legislature wholly abandoned its responsibility to enact constitutional laws" and "a reasonable officer should have known that the statute was unconstitutional." *Krull*, 480 U.S. at 355.

Second, Defendants T. Reed and D. Reed argue that the officers should have known that the statute was unconstitutional, and thus, the exclusionary rule should apply. ECF No. 120 at 3-4; ECF No. 123 at 4-5. Defendants assert that the officers were on

3

notice after the Eleventh Circuit[1] held that obtaining CSLI without a warrant was a Fourth Amendment violation and the Supreme Court granted certiorari in *Carpenter v. United States*, 137 S. Ct. 2211 (2017) to determine whether a warrant is required to obtain CSLI.

Defendants fail to establish that the officers had actual notice of the statute's unconstitutionality.  As the Government asserts, Eleventh Circuit decisions are not binding on agents acting in the Eighth Circuit, and thus, would not impact an officer's belief that the SCA was lawful.  ECF No. 124 at 3.  Moreover, to the extent that the law of other circuits is relevant, several other circuit courts had upheld the SCA and found that no warrant was needed to obtain CSLI.[2]  Lastly, a grant of certiorari does not necessarily imply that a statute is unconstitutional, and officers cannot be required to guess how the Supreme Court will rule.  *See e.g., United States v. Davis*, 760 F.3d 901, 905 (8th Cir. 2014) ("Officers should not be faulted for adhering to existing precedent until that precedent is authoritatively overruled.").  Because the officers believed in good faith that the SCA was lawful, the exclusionary rule does not apply.  *See Leon*, 468 U.S. at 918 (holding that the exclusionary rule does not have a "deterrent effect" where officers believe in "good faith" that their actions were lawful).

---

[1] *United States v. Davis*, 754 F.3d 1205, 1217 (11th Cir. 2014).
[2] *See In re Application of U.S. for Historical Cell Site Data*, 724 F.3d 600, 615 (5th Cir. 2013) (holding that the government can use "[s]ection 2703(d) orders to obtain historical cell site information" without implicating the Fourth Amendment (emphasis omitted)); *In re Application of U.S. for an Order Directing a Provider of Elec. Commc'n Serv. to Disclose Records to Gov't*, 620 F.3d 304, 313 (3d Cir. 2010) (holding that "CSLI from cell phone calls is obtainable under a § 2703(d) order").

The Court overrules Defendant D. Reed's remaining objections for the reasons set forth in the R&R. Accordingly, based on a de novo review of the record, the Court accepts the recommended disposition. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2. Therefore, IT IS ORDERED THAT:

1. Defendant T. Reed's motion to suppress evidence [ECF No. 76] be DENIED as moot.

2. Defendant T. Reed's supplemental motion to suppress evidence [ECF No. 102] be DENIED.

3. Defendant Campbell's motion to dismiss indictment [ECF No. 50] be DENIED.

4. Defendant Campbell's motion to suppress statements [ECF No. 60] be DENIED as moot.

5. Defendant Campbell's motion to suppress evidence [ECF No. 62] be DENIED as moot.

6. Defendant D. Reed's motion to suppress evidence [ECF No. 95] be DENIED.

7. Defendant D. Reed's second motion to suppress evidence [ECF No. 100] be DENIED.

Dated: October 22, 2018

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge