UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                                         Case No. 18-cr-15 (JNE/DTS) (1)
                                                        ORDER

Tony Lendell Reed,

      Defendant.

This matter is before the Court on Defendant's Pro Se Motion for Compassionate Release from Custody under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 274. Defendant seeks to reduce his sentence to time served. The Court denies the motion for the reasons stated below.

## BACKGROUND

Between June 12 and November 29, 2017, Defendant committed six robberies of various auto parts stores. Defendant sometimes acted alone and sometimes worked with accomplices. In each case, Defendant displayed what looked to be a gun, demanded cash, and threatened employees. Defendant also restrained employees with zip ties.

On February 1, 2019, a jury convicted Defendant of six counts of Interference with Commerce by Robbery. The Court subsequently sentenced Defendant to a 240-month term of imprisonment to be followed by a three-year term of supervised release. Defendant has served roughly one-fifth of his imprisonment term and is scheduled for release on February 16, 2035.

Defendant now moves for compassionate release. Defendant argues his asthma, in combination with the COVID-19 pandemic, presents an extraordinary and compelling reason justifying his release. Defendant further argues that his release is necessary to care for his family. Defendant's mother is disabled and has suffered three strokes. Defendant is also worried about the family finances because his wife has filed for disability as a result of her cardiac arrhythmia.

Defendant is currently in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"). The BOP began distributing COVID-19 vaccines at FCI-Edgefield earlier this year. *See COVID-19*, Fed. BOP, https://www.bop.gov/coronavirus (last visited June 30, 2021). Nine-hundred-eight inmates and 188 staff members at FCI-Edgefield are now fully inoculated. *Id.* Though FCI-Edgefield has experienced COVID-19 outbreaks in the past, no inmates or staff members at FCI-Edgefield are currently positive for COVID-19. *Id.*

## DISCUSSION

A court "may not modify a term of imprisonment once it has been imposed" except pursuant to certain statutory exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release. *Id.* § 3582(c)(1)(A). The defendant has the burden of establishing he or she is eligible for compassionate release. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). A defendant may seek relief directly from the court after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18

U.S.C. § 3582(c)(1)(A). Defendant's motion is properly before the Court because the BOP denied Defendant's request for release on September 17, 2020.

After considering the applicable sentencing factors in 18 U.S.C. § 3553(a), a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Commission has published a policy statement defining what reasons are so "extraordinary and compelling" as to justify a defendant's release. U.S.S.G. § 1B1.13 cmt. n.1. These reasons include a medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, cmt. n.1(A)(ii). These reasons also include certain family circumstances:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

*Id.* § 1B1.13, cmt. n.1(C).

At the time the policy statement was written, only the BOP could request compassionate release on a defendant's behalf. The Sentencing Commission has not published a policy statement defining "extraordinary and compelling" reasons since Congress made compassionate release available on a motion by a defendant. *See id.* § 1B1.13; *United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020); *United States*

*v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020). Courts have disagreed over whether the current policy statement, § 1B1.13, and its application notes apply to compassionate release motions by defendants. *Rodd*, 966 F.3d at 745. Several courts of appeals have held that § 1B1.13 does not apply to compassionate release motions by defendants. *E.g.*, *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). The Eighth Circuit has not resolved the issue. *Loggins*, 966 F.3d at 892; *Rodd*, 966 F.3d at 747; *see also United States v. Gater*, No. 20-2158, 2021 U.S. App. LEXIS 15325, at *4 (8th Cir. May 24, 2021).

Here, the Court declines to address whether Defendant's circumstances constitute extraordinary and compelling reasons because the general sentencing factors in § 3553(a) are dispositive. *See Rodd*, 966 F.3d at 747. Defendant's current term of imprisonment is necessary to promote respect for the law and provide just punishment for Defendant's offense. *See* 18 U.S.C. § 3553(a)(2)(A). Defendant committed multiple robberies. Some were violent and terrifying for the victims, yet Defendant has shown little remorse. Defendant's term of imprisonment is also necessary to afford "adequate deterrence" given Defendant's criminal history. *See id.* § 3553(a)(1), (a)(2)(B). Defendant's criminal history includes multiple felonies and a multitude of misdemeanors. There are also numerous instances of Defendant failing to appear and Defendant violating his terms of probation and supervised release. Furthermore, reducing Defendant's sentence to time-

served would create unwarranted sentencing disparities as Defendant has served only a fifth of his imprisonment term. *See id.* § 3553(a)(6).

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Pro Se Motion for Compassionate Release from Custody [ECF No. 274] is DENIED.

Dated: June 30, 2021

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge