UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                                    Criminal No. 18-cr-15 (JNE/DTS) (1)
v.                                            Civil No. 22-cv-178 (JNE)

Tony Lendell Reed,                        ORDER

        Defendant.

In February 2019, a jury found Defendant Tony Lendell Reed guilty of six counts of interference with commerce by robbery. The Court sentenced him to 240 months of imprisonment, to be followed by three years of supervised release. In January 2022, Reed moved to correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government opposes the motion. The Court will deny the motion for the following reasons.

---

[1] Reed did not file a reply before the original deadline to do so. *See* ECF No. 320. The Court denied his Section 2255 motion. ECF No. 324. The Court later learned that Reed's transfer to a different Bureau of Prisons facility had prevented Reed from receiving the government's response to his motion before the deadline to reply. The Court therefore vacated its order denying Reed's motion and extended the deadline to file a reply. ECF No. 327. Upon Reed's request, the Court further extended that deadline to July 21, 2022. ECF No. 331. Reed did not file a reply before that deadline.
      He did, however, file a separate "motion for reconsideration." ECF No. 334. That motion asks for assistance to better develop the record, and reiterates Reed's complaint that a Bureau of Prisons policy requires proof of an open and active case in order to access certain case documents. Reed does not explain how any additional records might refute the government's arguments. In any event, as the Court previously noted, the Court's prior orders show that Reed *does* have an open and active case. ECF No. 331. And although Reed asserts that his access to the prison library has been "limited," the reply was due more than two months after the Court vacated its denial of Reed's Section 2255 motion and ordered the government's response mailed to Reed's current address. Reed thus had ample time to access relevant records and prepare a reply.

Reed argues that his sentence is based on an inaccurate criminal history score under the U.S. Sentencing Guidelines.  The presentence investigation report ("PSR") that informed his sentence added two points to his criminal history score for prior state sentences that did not include at least thirty days of imprisonment.  Reed argues that his criminal history score should not have included points for such sentences.  Reed further argues that his attorney failed to investigate this asserted error in the PSR, and that this supposed failure rendered his attorney's performance ineffective, depriving Reed of his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution.

The Court agrees with the government's argument that the PSR properly included the disputed criminal history points for the two prior sentences at issue.  Reed received these points pursuant to Section 4A1.1(c) of the U.S. Sentencing Guidelines ("U.S.S.G.").  Subsection (c) prescribes one point for "each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection."  U.S.S.G. § 4A1.1(c).  Subsections (a) and (b) specify points for a "prior sentence *of imprisonment*."  U.S.S.G. § 4A1.1(a)–(b) (emphasis added).  But subsection (c) is not limited to sentences of imprisonment. *United States v. Stephenson*, 924 F.2d 753, 759 (8th Cir. 1991) ("Nowhere in the Guidelines or the Commentary thereto is a sentence of probation excepted from the provisions of § 4A1.1(c)."); *see also* U.S.S.G. § 4A1.2 cmt. n.2 ("A sentence of probation is to be treated as a sentence under § 4A1.1(c) unless a condition of probation requiring imprisonment of at least sixty days was imposed.").  The term "prior sentence," as used in subsection (c), includes "*any sentence* previously imposed upon adjudication of guilt,

whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1) (emphasis added). This definition describes the prior sentences at issue here. The PSR properly added points for them.

That conclusion disposes of Reed's ineffective assistance claim. Aside from the claimed failure to investigate and object to the disputed criminal history points, Reed suggests no other reason to find that counsel was ineffective. ECF Nos. 318–19. There is accordingly no evidence of deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that establishing deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"). Failure to establish deficient performance ends the Court's inquiry as to whether Reed received ineffective assistance of counsel. *See Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011).

Reed requests an evidentiary hearing. "An evidentiary hearing is not required in a section 2255 case where the files and records of the case conclusively show that the petitioner is not entitled to relief[.]" *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989) (per curiam). For the reasons above, the Court finds that the record conclusively shows that Reed is not entitled to the relief he seeks. The Court therefore declines to hold an evidentiary hearing.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

3

1. Reed's pro se motion to vacate his sentence under 28 U.S.C. § 2255 [ECF No. 318] is DENIED.

2. No certificate of appealability shall issue.

3. No evidentiary hearing is required in this matter.

4. Reed's pro se motion for reconsideration [ECF No. 334] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 22, 2022         s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge